UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:15-cv-00378-JAD-PAL<br><br>**ORDER AND<br>REPORT OF FINDINGS AND<br>RECOMMENDATION**<br><br>(IFP Application – Dkt. #3) |

This matter is before the court on Plaintiff Cedric Greene's Application to Proceed *In Forma Pauperis* (Dkt. #3) filed March 23, 2015. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-9.

**I.　IN FORMA PAUPERIS APPLICATION (DKT. #1)**

Greene is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a "Declaration and Request for a Dismissal Order and Removal of Conviction and Expungement," which the court construes as a Complaint. (Dkt. #1) naming the People of the State of California ("California") as Plaintiff. However, it is evident that Green is the party seeking relief from the Court against the People. Greene has submitted the affidavit required by § 1915(a) indicating that he is unable to prepay fees and costs or give security for them. *See* Application (Dkt. #3). Accordingly, the Court will grant Greene's Application be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Greene's Complaint.

**II.　SCREENING THE COMPLAINT**

Upon reviewing a request to proceed in forma pauperis, a district court must additionally screen a complaint pursuant to § 1915(e). *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). For the purposes of § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cf.* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.  Greene's Allegations

This case arises from Greene's request for a dismissal order and removal and/or expungement of his criminal conviction. *See* Complaint (Dkt. #1). Greene alleges that a felony conviction was entered against him under "Penal Code Section 653F (B)" in the County of Los Angeles within the city of Long Beach, California. *Id..* at 2. (citing California Superior Court Case No. NA051980). Greene states that he has completed all probation and parole requirements and has not violated any laws within California; thus, he asks this Court to consider his "special circumstances" and remove this conviction from his record. *Id.*[1]

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952,

---

[1] The Court notes that Greene's request for relief in this case is identical to what he requested in another matter pending in this district, albeit a different felony conviction, *Greene v. The People of the State of California*, Case No. 2:15-cv-00300-JAD-PAL (citing California Superior Court Case No. NA56447).

1  957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189
2  (1936)). As a result, a district court may raise the issue of subject matter jurisdiction on its own
3  accord and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h).
4  Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its
5  entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction.
6  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th
7  Cir. 2008).

8  Here, Greene does not identify any federal or state statute that would authorize this Court
9  to provide the relief he requests. On the contrary, California law requires individuals seeking
10 expungement to file a petition in the superior court for the county where they were convicted.
11 *See* Cal. Penal Code §§ 1203.4, 1170; *see also People v. Parker*, 158 Cal. Rptr. 3d 481, 482
12 (2013) (quoting *In re Griffin*, 67 Cal.2d 343, 347 n.3, 431 P.2d 625 (1967)) ("On application of a
13 defendant who meets the requirements of section 1203.4, *the trial court not only can but must
14 proceed in accord with that statute.*") (emphasis added). Therefore, this court lacks jurisdiction
15 to consider Greene's request, and he has failed to meet his burden to provide a basis for subject
16 matter jurisdiction over his Complaint. Greene has not pled a basis for this Court to exercise
17 federal jurisdiction and the Court must recommend dismissal of his case.

18 **C.   Venue for Greene's Claims in the District of Nevada and Greene's Status as
19       a "Vexatious Litigant" in the Central District of California**

20 In addition to a lack of subject matter jurisdiction, the Court finds that venue is not proper
21 in the District of Nevada. Greene was declared a vexatious litigant in the Central District of
22 California as a result of filing over 70 non-meritorious actions in that district. *See Cedric Greene
23 v. Men's Central Jail*, Case No. CV 11-02359 UA (SS) (C.D. Cal. May 10, 2011) (Order (Dkt.
24 #15) adopting Report and Recommendation and holding that Plaintiff Cedric Greene is deemed a
25 vexatious litigant); *see also id.* (May 3, 2011 Report and Recommendation (Dkt. #13) outlining
26 Greene's litigation history in that court). Greene readily admits that the Central District of
27 California declared him a vexatious litigant. *See* Complaint (Dkt. # 1) at 1 (asking this Court to
28 accept his Complaint because he "has a bad name within the California Court system" and "has

3

1 been labeled as someone who files lawsuits just for the kick of it, harassing the Court's staff and
2 wasting its resources"). In an apparent attempt to circumvent that order, Greene seeks to file this
3 case here. *See, e.g.*, (Dkt. #2) (asking this Court the "opportunity to be heard outside of
4 California and within this wonderful State.").[2]

Greene has initiated cases in other districts in an apparent effort to avoid filing cases in the Central District of California. *See, e.g.*, *Greene v. McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228 (S.D. Cal. Nov. 14, 2011) (dismissing complaint given proper venue in the Central District of California); *Greene v. Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761 (E.D. Cal. Mar. 10, 2011) (same), adopted, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011). Greene cannot escape the vexatious litigant determination of the Central District of California court by simply filing in the District of Nevada with the hope that this Court will be more hospitable. In fact, the Southern District of California specifically told Greene several years ago that this was improper. *See, e.g.*, *Greene v. Los Angeles County Sheriff Dept.*, 11cv2485 JAH(CAB) (Nov. 7, 2011 Order (Dkt. #3) finding that Greene's request to proceed in the Southern District based on the vexatious litigant order in the Central District was "improper, in that plaintiff is simply seeking to sidestep the Central District's vexatious litigant order").

Even without the vexatious litigant order, Greene may not initiate cases in an improper venue under the Federal Rules of Civil Procedure. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the

---

[2] Plaintiff has filed nine cases in this District between January 20, 2015, and April 30, 2015: (1) the instant case—*Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL (filed Jan. 20, 2015); (2) *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-GWF (filed Jan. 30, 2015); (3) *Greene v. Sprint Nextel Corporation*, 2:15-cv-00238-RFB-NJK (filed Feb. 11, 2015); (4) *Greene v. The People of the State of California*, 2:15-cv-300-JAD-PAL (filed Feb. 18, 2015); (5) *Greene v. The People of the State of California*, 2:15-cv-378-JAD-PAL (filed March 3, 2015); (6) *Greene v. Alhambra Hospital Medical Center*, 2:15-cv-00451-JAD-NJK (filed March 11, 2015); (7) *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK (filed March 23, 2015); (8) *Greene v. Traylor*, 2:15-cv-00598-APG-CWH (filed April 1, 2015); and (9) *Greene v. Los Angeles Police Department*, 2:15-cv-00815-APG-PAL (filed April 30, 2015).

4

action may otherwise be brought. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district." *See, e.g.*, *Southland Transit*, 2011 U.S. Dist. Lexis 24761, at *2.

Here, Greene acknowledges that: (1) he is a resident of Los Angeles, California; and (2) his conviction occurred in the County of Los Angeles, California. *See* Complaint (Dkt #1). His claim requests relief involving a felony conviction in in the County of Los Angeles County, California which only the Superior Court in that county can grant. The District of Nevada is not a proper venue for this case even if Greene could state a federal claim, which he has not.

In sum, the Court lacks subject matter jurisdiction over Greene's Complaint, and the District of Nevada is not a proper venue.[3] Because it is clear from the face of the Complaint that Greene could not cure these deficiencies by amendment, the undersigned recommends that this case be dismissed with prejudice.

Based on the foregoing,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. #3) is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint but shall not issue summons.

/ / /

/ / /

---

[3] In five of the nine cases Greene has filed in this district, other magistrate judges have also determined that Greene failed to establish jurisdiction and/or venue and failed to state valid claims. *See Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-GWF (Mar. 27, 2015 Order (Dkt. #2) dismissing Greene's Complaint with leave to amend); *Greene v. Sprint Nextel Corporation*, 2:15-cv-00238-RFB-NJK (April 6, 2015 Report & Recommendation (Dkt. #5) advising dismissal); *Greene v. Alhambra Hospital Medical Center*, 2:15-cv-00451-JAD-NJK (April 8, 2015 Report & Recommendation (Dkt. #4) advising dismissal); *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK (April 10, 2015 Report & Recommendation (Dkt. #4) advising dismissal); *Greene v. Traylor*, 2:15-cv-00598-APG-CWH (May 4, 2015 Order (Dkt. #4) directing Greene to file an amended complaint correcting jurisdictional defect).

**IT IS RECOMMENDED** that this action be DISMISSED with prejudice and the Clerk of the Court enter judgment accordingly

Dated this 6th day of May, 2015.

                                                 _____
                                                 PEGGY A. LEEN
                                                 UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.