# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Cedric Greene,

    Plaintiff

v.

The People of the State of California,

    Defendant

Case No.: 2:15-cv-378-JAD-PAL

**Order Adopting Report and Recommendation [Doc. 4], and Dismissing Case with Prejudice**

After being declared a vexatious litigant in his home state of California, pro se plaintiff Cedric Greene moved his litigation to Nevada, where he has filed ten cases[1] just this year. By this case, Greene seeks to expunge a conviction from his California state criminal record.[2] Magistrate Judge Peggy Leen granted Greene pauper status and screened his complaint.[3] She finds that this court lacks jurisdiction over this action because California law requires Greene to file his petition in the superior court for the county in which he was convicted if he wishes to expunge a conviction, and "Greene does not identify any federal or state statute that would authorize this Court to provide the relief he requests."[4] She also concludes that venue is not proper in Nevada because Greene, a resident of Los Angeles County, California, seeks relief that "only the Superior Court of that county

---

[1] Plaintiff has filed ten cases in this district since January 20, 2015. *See Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL (filed January 20, 2015); *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-GWF (filed January 30, 2015); *Greene v. Sprint Nextel Corporation*, 2:15-cv-00238-RFB-NJK (filed February 11, 2015); *Greene v. The People of the State of California*, 2:15-cv-300-JAD-PAL (filed February 18, 2015); *Greene v. The People of the State of California*, 2:15-cv-378-JAD-PAL (filed March 3, 2015); *Greene v. Alhambra Hospital Medical Center*, 2:15-cv-00451-JAD-NJK (filed March 11, 2015); *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK (filed March 23, 2015); *Greene v. Taylor*, 2:15-cv-598-APG-CWH (filed April 1, 2015); *Greene v. Los Angeles Police Department*, 2:15-cv-815-APG-PAL (filed April 30, 2015); *Greene v. Chapman*, 2:15-cv-887-GMN-NJK (filed May 12, 2015).

[2] *See* Doc. 5.

[3] Doc. 4. This case also appears to be redundant of the one Greene filed at 2:15-cv-300-JAD-PAL.

[4] *Id.* at 3.

can grant."[5]  Based on these proposed findings, Magistrate Judge Leen recommends I dismiss this case with prejudice.[6]  Greene objects.[7]

**Discussion**

"No review is required of a magistrate judge's report and recommendation unless objections are filed,"[8] and this district's Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[9]  Greene concedes the venue issue and argues only that "Civil Rule 102" counsels the court to keep the case in Nevada.[10]  The rule he quotes is Federal Rule of Evidence 102, which does nothing to establish either this court's subject-matter jurisdiction or Nevada as the proper venue for this purely California matter.  Having reviewed Magistrate Judge Leen's findings and recommendation—along with Greene's objection—de novo, I agree with Judge Leen's findings and likewise conclude that this court lacks subject-matter jurisdiction over Greene's lawsuit and that the District of Nevada is an improper venue for this litigation.[11]

---

[5] Doc. 4 at 3-4.

[6] *Id*.

[7] Doc. 8.

[8] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).  *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[9] *Id.*; *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and nothing that "generalized objections" do not require *de novo* review).

[10] Doc. 8 at 3.

[11] Portions of Greene's objection are purportedly raised by his unnamed "legal assistant."  *See* Doc. 8 at 1-3.  There is no evidence that Greene's "legal assistant" has been admitted to practice law, nor has the "legal assistant" made a formal appearance on Greene's behalf.  Because I am dismissing the case on other grounds, I inquire no further into whether Greene's "legal assistant" has engaged in the unauthorized practice of law in violation of this district's Local Rule IA 10-7, such that I should refer her to the Nevada Attorney General's office for potential criminal prosecution.  *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS § 7.285).

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, it is hereby ORDERED, ADJUDGED and DECREED that Magistrate Judge Leen's report and recommendation **[Doc. 4] is ADOPTED** in its entirety, Greene's objections **[Doc. 8] are overruled**, and this case is **DISMISSED with prejudice.** The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED July 16, 2015

_____
Jennifer A. Dorsey
United States District Judge

**Clerk to notify:**

**Cedric Greene
545 South San Pedro St.
Los Angeles, CA 80013**